Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
Gina Stassi (SBN 261263)
Stephanie D. Biehl (SBN 306777)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Ctr
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
Email: jcotchett@cpmlegal.com
mmolumphy@cpmlegal.com
gstassi@cpmlegal.com
sbiehl@cpmlegal.com

*Attorneys for Plaintiff Jeremiah F. Hallisey*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| JEREMIAH F. HALLISEY, derivatively on behalf of FACEBOOK, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, SHERYL K. SANDBERG, MARC L. ANDREESSEN, PETER A. THIEL, REED HASTINGS, ERSKINE B. BOWLES, SUSAND D. DESMOND-HELLMAN, AND JAN KOUM,<br><br>Defendants,<br><br>and<br><br>FACEBOOK, INC.,<br><br>Nominal Defendant. | Case No. 4:18-CV-01792-HSG<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE AND STRIKE OR MODIFY THE STIPULATION AND PROPOSED ORDER AND OBJECTION TO STIPULATION AND PROPOSED ORDER**<br><br>Date: June 27, 2018<br>Time: 3:00 p.m.<br>Ctrm: Courtroom 2, 4th Floor<br>      1301 Clay Street<br>      Oakland, CA 94612<br><br>Judge: Haywood S. Gilliam, Jr.<br>Date First Action Filed: March 22, 2018 |

| | |
|---|---|
| NATALIE OCEGUEDA, derivatively on behalf of FACEBOOK, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, SHERYL SANDBERG, MARC ANDREESSEN, PETER A. THIEL, REED HASTINGS, ERSKINE B. BOWLES, SUSAN DESMOND-HELLMANN, and JAN KOUM<br><br>Defendants,<br><br>and<br><br>FACEBOOK, INC.,<br>Nominal Defendant. | Case No. 4:18-CV-01893-HSG |
| RONALD MARTIN, Derivatively on Behalf of FACEBOOK, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, MARC L. ANDREESSEN, ERSKINE B. BOWLES, SUSAN D. DESMOND-HELLMANN, REED HASTINGS, JAN KOUM, SHERYL K. SANDBERG and PETER A. THIEL<br><br>Defendants,<br><br>and<br><br>FACEBOOK, INC.,<br>Nominal Defendant. | Case No. 4:18-cv-01834-HSG |
| JAMES KARON, Derivatively on Behalf of FACEBOOK, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, SHERYL K. SANDBERG, MARC L. ANDREESSEN, PETER A. THIEL, REED HASTINGS, ERSKINE B. BOWLES, SUSAN D. DESMOND-HELLMAN, and JAN KOUM,<br><br>Defendants. | Case No. 4:18-cv-01929-HSG |

**PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE, AND STRIKE OR MODIFY THE STIPULATION AND [PROPOSED] ORDER AND OBJECTION; Case No. 4:18-CV-01792-HSG**

| | |
|---|---|
| GLORIA STRICKLIN TRUST, Derivatively on Behalf of FACEBOOK, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, SHERYL K. SANDBERG, MARC L. ANDREESSEN, PETER A. THIEL, REED HASTINGS, ERSKINE B. BOWLES, SUSAN D. DESMOND-ELLMAN, and JAN KOUM<br><br>Defendants,<br><br>and<br><br>FACEBOOK, INC.,<br>Nominal Defendant. | Case No. 4:18-cv-02011-HSG |

**PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE, AND STRIKE OR MODIFY THE STIPULATION AND [PROPOSED] ORDER AND OBJECTION; Case No. 4:18-CV-01792-HSG**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. THE MOTION TO INTERVENE SHOULD BE DENIED............................................. 3

    A. Sbriglio Fails to Satisfy the Standard for Mandatory Intervention........................ 3

        1. Sbriglio Fails to Show a Significantly Protectable Interest that is Inadequately Represented ....................................................... 3

        2. Sbriglio Fails to Show Impairment of Interest............................................ 5

    B. Sbriglio Does Not Satisfy the Standard for Permissive Intervention ..................... 8

    C. Sbriglio is Not Entitled to Intervene Because She Did Not Comply With the Requirements of Rule 24(c) .................................................................................. 9

III. CONCLUSION............................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Am. Capital Agency Corp. Stockholder Deriv. Litig.*,
  No. CV TDC-16-3215, 2017 WL 3311209 (D. Md. Aug. 2, 2017) ........................................4

*Arakaki v. Cayetano*,
  324 F.3d 1078 (9th Cir. 2003), *as amended* (May 13, 2003) .......................................4

*Boilermakers Local 154 Ret. Fund v. Chevron Corp. ("Boilermakers")*,
  73 A.3d 934 (Del. Ch. 2013) ..............................................................................6, 7

*Buffin v. City & Cty. of S.F.*,
  No. 15-CV-04959-YGR, 2016 WL 6025486 (N.D. Cal. Oct. 14, 2016) .....................3, 8, 9

*Bushansky v. Armacost*,
  No. 12-cv-01597-JST, 2014 WL 5335255 (N.D. Cal. Oct. 17, 2014) ................................4, 5

*Butorin on behalf of KBR Inc. v. Blount*,
  106 F. Supp. 3d 833 (S.D. Tex. 2015) ..................................................................7, 8

*Clauss v. Palmer Union Oil Co.*,
  213 F. 286 (N.D. Cal. 1914) ...............................................................................5

*In re: CytRx Corp. Stockholder Deriv. Litig.*,
  No. CV 14-6414-GHK, 2015 WL 9871275 (C.D. Cal. Oct. 30, 2015) ..............................6, 7

*Hallisey v. Zuckerberg, et al.*,
  No. 4:18-cv-01792-HSG (N.D. Cal. Mar. 22, 2018), ECF No. 1 .......................................7

*Kamerman v. Steinberg*,
  681 F. Supp. 206 (S.D.N.Y. 1988) ........................................................................9

*Murphy v. Schneider Nat'l, Inc.*,
  362 F.3d 1133, 1140 (9th Cir. 2004) ....................................................................7

*Puma v. Marriott*,
  348 F. Supp. 18 (D. Del. 1972) ............................................................................7

*Tansey v. Rogers*,
  2016 WL 3519887 (D. Del. June 27, 2016) ..........................................................4

*Tech. Credit Corp. v. N.J. Christian Acad., Inc.*,
  No. 5:17-CV-06130-HRL, 2018 WL 1863358 (N.D. Cal. Apr. 18, 2018) .......................7

**Statutes**

15 U.S.C.
 § 78aa ............................................................................................................................6

28 U.S.C.
 § 1331 ............................................................................................................................6

Del. Code Ann. tit. 8,
 § 115 ..............................................................................................................................6

**Rules**

Federal Rules of Civil Procedure
 Rule 23.1 .......................................................................................................................4
 Rule 24 ..................................................................................................................2, 3, 9
 Rule 24(a) ...................................................................................................................3, 4
 Rule 24(b) ......................................................................................................................8
 Rule 24(b)(3) .................................................................................................................8
 Rule 24(c) ......................................................................................................................9

Plaintiffs Jeremiah F. Hallisey, Ronald Martin, Natalie Ocegueda, James Karon, and The Gloria Stricklin Trust ("Plaintiffs") respectfully submit this opposition to the "Motion to Intervene and Strike or Modify the Stipulation and Proposed Order and Objection to Stipulation and Proposed Order" ("Motion") filed by movant Karen Sbriglio ("Sbriglio"). (Dkt. 35).

## I. INTRODUCTION

Beginning on March 22, 2018, five shareholders of Facebook, Inc. ("Facebook" or the "Company") filed derivative complaints on behalf of Facebook in this District, all arising from Facebook's revelation that it had allowed third parties to access and use personal information from 50 million Facebook users without their permission and informed consent. The filing of shareholder derivative cases in this District, where Facebook is located, and which seek to hold Facebook's officers and directors responsible for decisions they made in this District, is hardly surprising. Indeed, numerous securities fraud class actions were also filed in this District, and consumer privacy class actions filed by Facebook users nationwide have now been coordinated in an MDL proceeding sent to this District and assigned to Judge Chhabria.

Notwithstanding all this, after all five of the derivative actions were filed, related, and reassigned to this Court, and after Defendants had requested an extension of their deadline to respond to the individual complaints, Sbriglio filed a sixth derivative complaint in the Delaware Chancery Court asserting solely state law claims. Sbriglio now seeks to intervene in this case, ***not*** because she wants to join the other shareholders in pursuing this case on Facebook's behalf, but rather because she wants to "object[] to the Stipulation and Proposed Order requesting, among other things, consolidation of the above five (5) derivative actions currently pending before this Court." Dkt. 35 at 1. According to Sbriglio, entry of the proposed consolidation order would somehow "interfere" with the Delaware Chancery Court's jurisdiction over her own action. The argument is absurd.

Indeed, Sbriglio cites no authority suggesting that intervention is appropriate in these circumstances – and it is not. Rather, Sbriglio's motion is brought to advance her own interests to try to move her later-filed case ahead of the other five cases. Of course, Sbriglio was well aware these cases were pending when she filed her action more than a month later, and she

waited another month to file the instant Motion.  The Motion is clearly not in the best interests of Facebook and its shareholders; rather, it serves to delay this action, something that can only be viewed as serving the interests of the individual defendants.

Fortunately, Rule 24 guards against attempts to "intervene" for the purpose of *objecting* to pending litigation.  Rule 24 requires a movant seeking to intervene to demonstrate that he or she is not being adequately represented.  Here, the parties are still at the pleading stages and merely seeking consolidation of the related cases and a proposed leadership structure governing the cases in this District.  Indeed, Facebook stipulated to the proposed order to consolidate.  The stipulation has no effect on Sbriglio's case, nor affect her action in the Delaware Chancery Court.

Sbriglio claims that intervention is necessary to protect **Facebook's** right to assert the application of a Delaware Chancery Court forum-selection clause in Facebook's articles of incorporation, since Facebook has not asserted the clause itself.  Sbriglio is mistaken.  Facebook is already represented by counsel in this case and, as indicated in its "Response," intends to move to stay the five derivative actions filed in this District based on the forum-selection clause – without Sbriglio's intervention.  Thus, the sole basis for intervention simply does not exist.

Of course, Plaintiffs in the derivative actions filed in this District intend to vigorously oppose any such motion, particularly since the clause – on its face – doesn't apply to the claims asserted in this case.  For example, several of the Plaintiffs have asserted federal securities claims that are subject to exclusive federal jurisdiction and which, as a matter of law, cannot be asserted in Delaware state courts.  Indeed, this District is the only court that can resolve **all** of the federal and state claims now being asserted.  This District is also, indisputably, the most convenient forum, where the Company, the parties, the evidence and the third party witnesses are located.

However, that is a battle for the future.  For purposes of this motion, intervention is certainly unnecessary to ensure that Facebook takes a position on the most appropriate forum for the claims.

Finally, Sbriglio does not even explain the basis for this Court's exercise of jurisdiction over her Motion (and there is none). Sbriglio has no claim pending before the Court, and the Motion is not accompanied by a proposed "complaint in intervention" as required by Rule 24.

For these reasons, the Motion should be denied.

## II. THE MOTION TO INTERVENE SHOULD BE DENIED

### A. Sbriglio Fails to Satisfy the Standard for Mandatory Intervention

Intervention as of right under Rule 24(a) is appropriate only if a movant satisfies four elements:

> (1) the applicant must assert a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (2) the applicant's interest must be represented inadequately by the parties to the action; (3) disposition of the action without intervention may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's motion must be timely.

*Buffin v. City & Cty. of S.F.*, No. 15-CV-04959-YGR, 2016 WL 6025486, at *12 (N.D. Cal. Oct. 14, 2016) (J. Gonzalez-Rogers) (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1061 (9th Cir. 1997)). "***Failure to satisfy any one of the requirements is fatal to the application***, and a court need not reach the remaining elements if one of the elements is not satisfied." *Id*. (citing *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (emphasis added). Sbriglio's motion fails every requirement, which is fatal to her request to intervene.

#### 1. Sbriglio Fails to Show a Significantly Protectable Interest that is Inadequately Represented

Because this is a shareholder derivative suit, the "significantly protectable" interest belongs to Facebook, not Sbriglio. Accordingly, she is entitled to intervene only if she demonstrates that her interests are not adequately represented because of a serious infirmity such as adversity of interest, collusion, nonfeasance, or lack of standing. However, Sbriglio does not even attempt to allege *any* inadequacy of representation, either on the part of Facebook or the Plaintiffs. This omission requires denial of her motion with respect for her request for mandatory intervention under Rule 24(a).

Recent decisions from the District of Delaware and the District of Maryland, applying a Rule 24(a) standard virtually identical to the Ninth Circuit's, denied shareholders' motions for intervention in derivative suits. *See In re Am. Capital Agency Corp. Stockholder Deriv. Litig.*, No. CV TDC-16-3215, 2017 WL 3311209, at *3 (D. Md. Aug. 2, 2017) (noting "in derivative litigation, the real party in interest is the corporation, not any given shareholder-plaintiff. . . . where litigants are 'merely shareholders of the corporation, and any interest they claim in the main demand is a derivative interest,' that interest is 'not sufficient to maintain an intervention of right'") (citations omitted); *Tansey v. Rogers*, No. Civ. 12-1049-RGA, *Tansey v. Rogers*, 2016 WL 3519887, at *2–3 (D. Del. June 27, 2016) ("Because a derivative claim does not belong personally to the shareholder-plaintiff, . . . [potential intervenor and existing plaintiffs] have, by definition, the same interest."). As both courts noted, such identity of interests gives rise to a presumption of adequacy on the part of the existing plaintiffs, and the same is true in the Ninth Circuit. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003) ("When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises."). To overcome this presumption of adequacy, a shareholder seeking to intervene in a derivative suit must show "adversity of interest, collusion, or nonfeasance," or lack of standing on the part of the original plaintiffs. *Tansey*, 2016 WL 3519887, at *3; *Am. Capital Agency*, 2017 WL 3311209, at *4 (noting also that lesser criticisms, such as "disagreements over litigation strategy," are not sufficient to demonstrate inadequacy of representation).

Here, Sbriglio makes no such allegations; indeed, she failed to brief the issue altogether. Instead, she relies on *Bushansky v. Armacost*, No. 12-cv-01597-JST, 2014 WL 5335255, at *1–2 (N.D. Cal. Oct. 17, 2014) in support of the general proposition that a shareholder may intervene in a derivative suit. Mot. 5:13–20. *Bushansky*, however, is inapposite. There, the original plaintiff had sold his shares and thus lacked standing. The shareholder intervened after notice was given under Federal Rule of Civil Procedure 23.1, which advised shareholders that

the original complaint would be dismissed unless action was taken. The intervenor came into the case in that context in order to ensure that the action would be able to continue.[1]

Far from clearing the high bar needed to show inadequacy in this context, there is nothing to suggest that Sbriglio is better able to protect the interests of Facebook or its stockholders. Indeed, Facebook has now confirmed that it intends to assert the same forum selection clause that she wanted to assert. Similarly, since Sbriglio has not survived motions to dismiss in her action, nor demonstrated demand futility, she is in no better position that Plaintiffs here to pursue her shareholder claims. To the contrary, Plaintiffs here assert state law claims, as well as federal claims under the Securities Exchange Act of 1934 ("Exchange Act") that Sbriglio chose not to bring.

### 2. Sbriglio Fails to Show Impairment of Interest

Plaintiffs are also not interfering with any "contractual right" possessed by Sbriglio to litigate in Delaware Court of Chancery. The asserted contractual right purportedly arises from a forum-selection clause in Facebook's articles of incorporation, as set forth below:

> Unless the corporation consents in writing to the selection of an alternative forum, the Court of Chancery of the State of Delaware shall, to the fullest extent permitted by law, be the sole and exclusive forum for (1) any derivative action or proceeding brought on behalf of the corporation, (2) any action asserting a claim of breach of a fiduciary duty owed by, or other wrongdoing by, any director, officer, employee or agent of the corporation to the corporation or the corporation's stockholders ….

Declaration of Catherine Pratsinakis in Support of Motion To Intervene, and Strike or Modify the Stipulation and Proposed Order ("Pratsinakis Declaration"), filed May 30, 2018, Ex. A, at 12, Art. IX (emphasis added) (Facebook's Restated Certificate of Incorporation).

As a threshold matter, Sbriglio fails to show how she has standing to enforce this "contract," rather than Facebook (which has now confirmed it will try to enforce the subject

---

[1] In fact, in *Bushansky*, Judge Tigar invited intervention in the action, and ultimately the motion was unopposed. Moreover, had the intervenor filed a separate complaint, it risked being barred by the statute of limitations. Thus, the intervenor was also able to satisfy the requirement of impairment of interest. 2014 WL 5335255, at *1–2. The other decision Sbriglio relies on is *Clauss v. Palmer Union Oil Co.*, 213 F. 286, 287 (N.D. Cal. 1914). That one-hundred-year-old case is completely off base because the issue there was not a motion to intervene.

clause). *Id.*, Ex. A, at 10, Art. VI (1) ("The business and affairs of the corporation shall be managed by or under the direction of the Board of Directors."). Furthermore, she cites no authority to support her argument that one shareholder plaintiff must defer to another regarding the impact of a forum selection clause. Rather, in the cases she cites, shareholders *challenged* the validity of forum-selection clauses; they did not try to enforce them. *In re: CytRx Corp. Stockholder Deriv. Litig. ("CytRx Corp.")*, No. CV 14-6414-GHK (PJWx), 2015 WL 9871275 (C.D. Cal. Oct. 30, 2015); *Boilermakers Local 154 Ret. Fund v. Chevron Corp. ("Boilermakers")*, 73 A.3d 934 (Del. Ch. 2013). Additionally, Sbriglio has not survived demand futility and thus it is premature for her to step into the shoes of the corporation.

The forum selection clause itself also does not give Sbriglio a contractual or legal right to litigate her case in Delaware state court to the exclusion of other shareholder actions. For example, the clause states: ***"Unless the corporation consents in writing to the selection of an alternative forum" --*** here, Facebook stipulated to the proposed consolidation order that Sbriglio seeks to nullify. Furthermore, Facebook has *not* joined in Sbriglio's motion for intervention. Thus, contrary to Sbriglio's suggestion, the self-serving email *from* her counsel *to* Facebook's counsel (attached as Exhibit C to the Pratsinakis Declaration) does not show that Facebook has taken a position (and it is not Sbriglio's position to assert, here).

The forum selection clause also states that it should be applied ***"to the fullest extent permitted by law."*** This carve-out is necessary to save the clause from invalidity under section 115 of the Delaware General Corporation Law, which governs forum selection provisions in certificates of incorporation. Del. Code Ann. tit. 8, § 115 (such provisions must be "consistent with applicable jurisdictional requirements"). As noted above, because of the carve-out, the forum-selection clause does not apply to the claims under Section 14(a) of the Exchange Act asserted by Plaintiffs in the federal derivative actions in this District, since those claims cannot be heard in the designated Delaware state court forum. Indeed, under Article III of the United States Constitution and 28 U.S.C. § 1331, this Court has subject matter over the Section 14(a) claim, and the federal judiciary has exclusive jurisdiction under Section 27 of the Exchange Act. *See* 15 U.S.C. § 78aa ("The district courts of the United States and the United States courts of

any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder."); *Butorin on behalf of KBR Inc. v. Blount*, 106 F. Supp. 3d 833, 837 (S.D. Tex. 2015) (as a state court, the Delaware Chancery Court lacks subject-matter jurisdiction over Exchange Act claims).[2] Sbriglio cannot assert an exclusive contractual and legal right to litigate claims in a forum that lacks jurisdiction over them.[3]

Similarly, Ninth Circuit case law establishes three reasons that would make enforcement of a forum selection clause unreasonable and, thus, unenforceable: "(1) 'if the inclusion of the clause in the agreement was the product of fraud or overreaching'; (2) 'if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced'; and (3) 'if enforcement would contravene a strong public policy of the forum in which suit is brought.' " *Tech. Credit Corp. v. N.J. Christian Acad., Inc.*, No. 5:17-CV-06130-HRL, 2018 WL 1863358, at *8 (N.D. Cal. Apr. 18, 2018) (quoting *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004). Here, Plaintiffs would effectively "be deprived of their day in court" if the purported forum selection clause in Facebook's Articles of Incorporation is enforced, because the Delaware Chancery Court lacks jurisdiction over Plaintiffs' federal claims. *See, e.g.*, *Puma v. Marriott*, 348 F. Supp. 18, 21 (D. Del. 1972) ("More importantly, in Section 27 of the Securities and Exchange Act of 1934, ***federal courts are given exclusive jurisdiction*** over violations of the Act, and the plaintiff is, therefore, entitled to have his Section 14(a) complaint determined by this Court under the standards governing the 1934 Act.").

Sbriglio's remaining argument, that the Stipulation and Order, if entered, will apply to and bind the Delaware action and strip the Court of Chancery of its jurisdiction (Mot. 6:27–

---

[2] Several of these related actions, including the first filed case, allege violations of Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and the U.S. Securities and Exchange Commission ("SEC") Rule 14a-9 promulgated thereunder. *See, e.g.,* Shareholder Derivative Complaint, *Hallisey v. Zuckerberg, et al.*, No. 4:18-cv-01792-HSG, (N.D. Cal. Mar. 22, 2018), ECF No. 1, ¶¶ 26, 27, 107-14, 119-20, 173-81.

[3] Even if the issue were ripe or appropriately brought by intervention, neither *Boilermakers* nor *CytRx Corp.*, *supra*, is apposite here. No federal claims were at issue in either opinion.

7:15), is nonsense. The Proposed Order is strictly procedural and designed to make efficient and orderly the five cases that are proposed for consolidation. By its terms, it applies only to the defined Related Actions and other actions that are "subsequently filed in, remanded to, or transferred to this Court." Proposed Order ¶¶ 1, 6. The language regarding Lead Counsel's ability to speak for derivative plaintiffs (*id*. ¶¶ 11–12) is therefore limited to the actions before this Court, which does not include the Delaware Action.

### B. Sbriglio Does Not Satisfy the Standard for Permissive Intervention

Sbriglio's motion is plainly aimed to disrupt the negotiated agreement reached among the Plaintiffs and Facebook to expedite this litigation and make it more efficient. This is exactly the type of intervention request that courts should exercise their discretion to ***deny***. *Buffin*, 2016 WL 6025486, at *12 ("[e]ven where all the prerequisites [of Rule 24(b)] are met, a district court has considerable discretion in ruling on the motion for permissive intervention") (citing *In re Benny*, 791 F.2d 712, 721-22 (9th Cir. 1986)); Fed. R. Civ. P. 24(b)(3) ("In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.")

If the motion is granted, delay and prejudice are certain. The Stipulation is designed to make the litigation more efficient by permitting a consolidated complaint, establishing a master file, and appointing lead counsel, all expressly in order "to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort." Stipulation ¶ 14. Anything that undercuts this progress hinders these actions.

With or without intervention, application of Facebook's forum selection clause to shareholder derivative claims asserted by Plaintiffs here will be decided on its merits. Of course, if Plaintiffs in this District are correct, and the Delaware Chancery Court lacks jurisdiction over Plaintiffs' federal claims (*Butorin*, 106 F. Supp. 3d 833, 837), there would be no basis to transfer this action nor any practical basis to split it into parts between two different courts. Indeed, faced with a similar prospect, the court in *Butorin* said it could "think of no worse use of judicial resources than severing and staying one portion of this case so that the other related claims can be brought in Delaware state court." *Id.* at 838.

Permissive intervention should, therefore, be denied.

### C. Sbriglio is Not Entitled to Intervene Because She Did Not Comply With the Requirements of Rule 24(c)

Sbriglio's motion to intervene also fails under Rule 24(c). Both intervention as of right and permissive intervention are subject to a pleading requirement under which a motion to intervene must be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." *Buffin*, 2016 WL 6025486, at *12. Sbriglio's failure to comply with this requirement is a sufficient ground to deny her motion. *Id*. at *14.

The copy of Sbriglio's state-court complaint attached as an exhibit to her declaration does not itself satisfy the pleading requirement because she does not seek intervention to assert those claims in this District. *See Kamerman v. Steinberg*, 681 F. Supp. 206, 211 (S.D.N.Y. 1988) (relying on Rule 24(c) in denying state court plaintiff's motion to intervene in related federal case for the limited purpose of pressing a motion to stay, where state court plaintiff had no intention of joining pending litigation as plaintiff or defendant). Sbriglio's moving papers are too vague and conclusory to serve as a substitute for a required pleading that makes clear how Plaintiffs or Facebook are allegedly violating her asserted contractual and legal rights. *Buffin*, 2016 WL 6025486, at *13 (declining to relax the pleading requirement where, although potential intervenor's general interest in the litigation was apparent, the specific grounds for which intervention was sought "remain[ed] elusive"). Indeed, the vagueness of Sbriglio's motion demonstrates precisely why a pleading in intervention is required – the basis for the Court's jurisdiction to decide any case or controversy must be clearly apparent.

Sbriglio's motion fails to satisfy all substantive requirements and is procedurally deficient under Rule 24. The Motion should be denied.

/ / /

/ / /

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Sbriglio's motion to intervene and, instead, enter the parties' Stipulation and [Proposed] Order filed on May 21, 2018 (Dkt. 33).

Dated: June 13, 2018            **COTCHETT, PITRE & McCARTHY, LLP**

By: /s/ *Mark C. Molumphy*
     Mark C. Molumphy

Joseph W. Cotchett
Gina Stassi
Stephanie D. Biehl
San Francisco Airport Office Ctr
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
Email: jcotchett@cpmlegal.com
       mmolumphy@cpmlegal.com
       gstassi@cpmlegal.com
       sbiehl@cpmlegal.com

*Attorneys for Plaintiff Jeremiah F. Hallisey*

| | | |
|---|---|---|
| 1 | DATED: June 13, 2018 | **BERMAN TABACCO** |
| 2 | | |
| 3 | | By: /s/ *Daniel E. Barenbaum*<br>Daniel E. Barenbaum (SBN 209261) |
| 4 | | Joseph J. Tabacco, Jr. (SBN 75484) |
| 5 | | A. Chowning Poppler (SBN 272870)<br>44 Montgomery Street, Suite 650<br>San Francisco, CA 94104 |
| 6 | | Tel.: (415) 433-3200<br>Fax: (415) 433-6382 |
| 7 | | Email: jtabacco@bermantabacco.com<br>dbarenbaum@bermantabacco.com |
| 8 | | cpoppler@bermantabacco.com |
| 9 | | Nathaniel L. Orenstein<br>Mark Delaney |
| 10 | | One Liberty Square<br>Boston, MA 02109 |
| 11 | | Tel.: (617) 542-8300<br>Fax: (617) 542-1194 |
| 12 | | Email: norenstein@bermantabacco.com<br>mdelaney@bermantabacco.com |
| 13 | | |
| 14 | | Ira N. Richards<br>**SCHNADER HARRISON SEGAL &** |
| 15 | | **LEWIS LLP**<br>1600 Market Street<br>Suite 3600 |
| 16 | | Philadelphia, PA 19103<br>Tel.: (215) 751-2000 |
| 17 | | Fax: (215) 751-2205<br>Email: irichards@schnader.com |
| 18 | | |
| 19 | | *Counsel for Plaintiff Gloria Stricklin Trust* |
| 20 | Dated: June 13, 2018 | **BOTTINI & BOTTINI, INC.** |
| 21 | | By: /s/ *Francis A. Bottini, Jr.* |
| 22 | | Francis A. Bottini, Jr. (SBN 175783) |
| 23 | | Yury A. Kolesnikov (SBN 271173)<br>7817 Ivanhoe Avenue, Suite 102 |
| 24 | | La Jolla, CA 92037<br>Tel: (858) 914-2001 |
| 25 | | Fax: (858) 914-2002<br>Email: fbottini@bottinilaw.com |
| 26 | | ykolesnikov@bottinilaw.com |
| 27 | | *Counsel for Plaintiff Natalie Ocegueda* |
| 28 | | |

**PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE, AND STRIKE OR MODIFY THE STIPULATION AND [PROPOSED] ORDER AND OBJECTION; Case No. 4:18-CV-01792-HSG**     11

| | | |
|---|---|---|
| Dated: June 13, 2018 | | **DEREK G. HOWARD LAW FIRM, INC.** |

By: /s/ *Derek G. Howard*
   Derek G. Howard (SBN 118082)

42 Miller Avenue
Mill Valley, CA. 94941
Tel: (415) 432-7192
Fax: (415) 524-2419
Email: derek@derekhowardlaw.com

Daniel Mulligan (SBN 103129)
Larry W. Gabriel (SBN 68329)
10085 Carroll Canyon Rd., Ste 210
San Diego, CA 92131-1100
Tel: (858) 527-1792
Fax: (858) 527-1793
Email: dan@jmglawoffices.com.com
   lgabriel@bglaw.com

*Counsel for Plaintiff James Karon*

Dated: June 13, 2018               **STULL, STULL & BRODY**

By: /s/ *Patrice L. Bishop*
   Patrice L. Bishop (SBN 182256)

9430 W. Olympic Blvd., Suite 400
Beverly Hills, CA 90212
Tel: (310) 209-2468
Fax: (310) 209-2087
Email: pbishop@ssbla.com

Lynda J. Grant
**THE GRANT LAW FIRM, PLLC**
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel: (212) 292-4441
Fax: (212) 292-4442
Email: lgrant@grantfirm.com

*Counsel for Plaintiff Ronald Martin*

## ATTESTATION OF FILING

I, Mark C. Molumphy, hereby attest, pursuant to Northern District of California, Local Rule 5-1(i)(3) that concurrence to the filing of this document has been obtained from each signatory hereto.

/s/ *Mark C. Molumphy*

**PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE, AND STRIKE OR MODIFY THE STIPULATION AND [PROPOSED] ORDER AND OBJECTION; Case No. 4:18-CV-01792-HSG**   12